# IN THE MATTER OF THE APPLICATION OF ED. LEWIS FOR A WRIT OF HABEAS CORPUS.

JURISDICTION OF JUSTICES OF THE PEACE.—PETIT LARCENY.—HABEAS CORPUS.—2 Comp. Laws of Utah 1888, § 3023, provides that "justices' Courts have jurisdiction of the following public offenses committed within the respective counties: Petit larceny assault and battery, * * * breaches of the peace * * * and all misdemeanors punishable by a fine less than $300, or imprisonment in the county jail or city prison not exceeding six months, or by both such fine and imprisonment;" and § 4645 provides that "petit larceny is punishable by a fine in any sum less than $300, or by imprisonment in the county jail not exceeding six months or both; and § 5344 provides that "a judgment requiring the defendant to pay a fine or a fine and the costs of prosecution, may also direct that he be im-

prisoned at hard labor until such fine or until such fine and
costs, as the case may be, are paid in the proportion of one
day's imprisonment for every dollar of the fine and costs." The
defendant charged with the offense of petit larceny plead
guilty and was sentenced by the justice of the peace to serve
a term of six months in the county jail and to pay a fine of
$299, and in default of payment to be imprisoned at labor
until the fine is paid in proportion of one day for each dollar
thereof. *Held*, that the justice, having exhausted his jurisdic-
tion in sentencing the defendant to imprisonment in the county
jail for a period of six months, had no valid authority to
adjudge that the defendant be further imprisoned in default
of payment of the fine imposed, and to that extent the judg-
ment is void, and that the defendant after having served a
period of six months' imprisonment, is entitled to be discharged
on writ of *habeas corpus.*

(No. 375.    Decided April 15, 1893.)

Original application of Ed. Lewis for a writ of *habeas
corpus.*  The writ *allowed* and the *prisoner discharged.*

• On the 13th day of April, 1892, petitioner plead guilty
to the charge of petit larceny in the police court of Salt
Lake City.  He was sentenced by Fred Kesler, city justice
of the peace, " to be imprisoned at labor in the county
jail for the term of six months, and to pay a fine in the penal
sum of $299.00, and to be imprisoned at hard labor until
the said fine be paid; said imprisonment, however, not
to exceed one day for each dollar of fine." The prisoner
after serving 12 months in the county jail under this sen-
tence, petitioned the court for a writ of *habeas corpus,*
alleging that he was unlawfully imprisoned, confined, de-
tained and restrained of his liberty by William McQueen,
sheriff of Salt Lake county, without any valid cause what-
ever.  He then alleged the excuse given by said sheriff for
his detention and set out a copy of the judgment and com-
mitment; that he had been imprisoned under said judg-
ment a period of 12 months;  that he was impecunious and

wholly unable to pay said fine or any part thereof, or to secure the same to be paid; that the illegality of said detention and said imprisonment consists in this, to-wit: *First*—That said justice exceeded the jurisdiction conferred upon justices of the peace in pronouncing sentence, which in this case amounts to sentence of more than six months imprisonment and the commitment and judgment, in so far at least as they authorize imprisonment of petitioner for more than six months, are without authority of law, and void. *Second*—The judgment and sentence to imprisonment for a term of six months in the county jail runs concurrently with the judgment to pay the fine, and the said sentence if valid in all parts does not authorize the confinement or detention of petitioner for a period exceeding 299 days, and prayed that a writ of *habeas corpus* issue, and upon a final hearing the same be allowed and the petitioner be restored to his liberty. The court issued the writ, which the sheriff returned upon the day appointed, stating that Andrew J. Burt, as sheriff and jailer of said county, had duly transferred to him, as his successor in office, the custody of petitioner, and justifying the detention under a certain commitment directed to his predecessor in office and transferred to him.

The Organic Act establishing territorial government for Utah provides that jurisdiction of justices of the peace shall be as limited by law. 1 C. L. of Utah 1888, 44. 2 C. L. of Utah 1888, § 3023, provides that "justices' courts have jurisdiction of the following public offenses commited within the respective counties: petit larceny, assault and battery, * * * breaches of the peace * * * and all misdemeanors punishable by a fine less than $300.00, or imprisonment in the county jail or city prison not exceeding six months, or by both such fine and imprisonment." Section 5343 provides that "when the

defendant pleads guilty or is convicted either by the court or a jury, the judgment may require the defendant (1) to pay a fine or (2) to be imprisoned, or (3) to pay a fine and the costs of prosecution, or (4) to pay a fine and also be imprisoned, or (5) to pay a fine and the costs of prosecution and also to be imprisoned." Section 5344 provides that "a judgment requiring the defendant to pay a fine, or a fine and the costs of prosecution, may also direct that he be imprisoned at hard labor until such fine, or until such fine and costs, as the case may be, are paid in the proportion of one day's imprisonment for every dollar of the fine and costs." Section 5345 provides that "a judgment that the defendant pay a fine, or a fine and costs may be enforced by execution, as in civil cases." Section 5113 provides that "a judgment that the defendant pay a fine, may also direct that he be imprisoned until the fine is satisfied, specifying the extent of the imprisonment, which can not exceed one day for every dollar of the fine." Section 4645 provides that "petit larceny is punishable by a fine in any sum less than $300.00, or by imprisonment in the county jail not exceeding six months or both."

*Mr. S. P. Armstrong,* for petitioner.

A justice of the peace has no jurisdiction to imprison for more than six months, either directly or indirectly. The Organic Act provides that the jurisdiction of justices of the peace shall be as limited by law. The act of March 13, 1884, 1 C. L. of Utah 1888, § 3023, limits their jurisdiction to imprisonment not exceeding six months or to a fine not exceeding $300, or both such fine and imprisonment. It is true that sections 5113 and 5344 provide that in case a fine is not paid, the defendant may be imprisoned one day for each dollar thereof, but does it follow that these different sections extend the jurisdiction of the court to an additional 299 days' imprisonment, making a total

of 16 months, when the specific section, 3023, limits the jurisdiction to six months' imprisonment? It would seem clear that these general provisions relating to the rendering of judgments cannot control the specific provision fixing the jurisdiction, or prescribing punishments and that they will not be construed to give the justices of the peace jurisdiction to do indirectly what he has not jurisdiction to do directly. The court held in *People* v. *Speers*, 4 Utah, 392, that the Organic Act did not authorize the legislature to confer on justices of the peace of this territory a power which did not commonly pertain to such office, because congress only contemplated the conferring by the legislature of such jurisdiction as is commonly incident to justices of the peace. In the case of *People* v. *Douglass*, 5 Utah, 283, which partially overruled *People* v. *Speers*, the court held that the legislature had the power under the Organic Act to confer jurisdiction on justices of the peace as provided in section 3023. Yet there is nothing in the opinion of the court which justifies the belief that the court would uphold justices of the peace in imprisoning for a longer period than six months. *Howard* v. *People*, 3 Mich. 210. Every act of a court beyond its jurisdiction is void. *Ex parte Reed*, 100 U. S. 23. The court's authority to imprison a party may be reviewed on *habeas corpus*. *Ex parte Siebold*, 100 U. S. 377. *In re Snow*, 120 U. S. 285.

*Mr. Walter Murphy*, County Attorney, for the people.

A justice in imposing a fine and imprisonment for its non-payment is not limited to such a sentence as will not by any possibility make the imprisonment longer than six months. 2 C. L. of Utah 1888, § 5344. Such sentence is not in any degree or to any extent invalid, by reason of the fact that the result of imprisonment may exceed in duration the legal maximum prescribed for cases where

imprisonment is imposed directly. The prisoner is not entitled to his discharge upon the termination of the six months. *Ex parte Casey*, 85 Cal. 36. It is true that in *Ex parte Rosenheim,* 83 Cal. 388, it was held, in construing a statute similar to that of ours, that a provision similar to section 5344, did not apply to cases in which the sentence includes both imprisonment and fine, but is limited . to cases in which a fine alone is imposed. The court held that a judgment that a defendant be imprisoned and that he pay a fine is not a judgment that he pay a fine. The practical effect of this proposition is that such a judgment constitutes only a mild exhortation to the defendant to pay such a fine. The court admits the power to impose both imprisonment and fine, but cheats the government of the fine while admitting that it is legally imposed, holding validly that the defendant need neither pay the fine nor suffer the equivalent, imprisonment. The decision is that the law is impotent to exclude in any manner a legally imposed sentence of fine and makes such a sentence a farce. One judge dissented in this case, and the contrary had been held in *People* v. *Righetti*, 66 Cal. 184. Assuming that section 5344 applies to cases where direct imprisonment is imposed in addition to a fine, the question resolves itself into one of the power of the legislature to confer on justices of the peace such jurisdiction as is conferred by the statutory provisions above cited. Such power was denied in *People* v. *Speers*, but this case was overruled in *People* v. *Douglas*. In the later case it was held that the jurisdiction of justices of the peace is not a rightful subject of legislation within the meaning of the grant of legislative power in the Organic Act creating the territory of Utah; that there is not and was not at the time of the passage of the Organic Act, any uniform limit to the jurisdiction of justices of the peace common to the states such as to indicate from the title of the court

the precise limit of the jurisdiction which might be validly conferred by the territorial legislature under the Organic Act; but that since justices of the peace in America are usually granted jurisdiction over such misdemeanors as are mentioned in sections 3023 and 4645, congress intended that the legislature should have power to confer on justices of the peace jurisdiction to try and punish such offenses.

It seems to be admitted that the jurisdiction exists to impose imprisonment not exceeding six months. This position makes the question of jurisdiction not a question of subject-matter, but of sentence. If the justice at the termination of the trial finds that the defendant deserves and the public interest requires a full penalty of the law, both imprisonment and fine, he also finds that he is without jurisdiction to impose it. If the jurisdiction to try cases of petit larceny has been validly granted to justices of the peace and if the legislature has exercised a valid discretion in determining how petit larceny may be punished, the further legislation of that punishment by the courts is unwarranted judicial legislation. In *People* v. *Douglas* it was held that justices of the peace in this country have usually had jurisdiction of assaults and batteries and other misdemeanors, and that at the time of the passage of the Organic Act justices of the peace had jurisdiction of the same class of offenses in other states and territories in which the punishment inflicted was as great as in this territory. It is submitted that the prisoner cannot be discharged without overruling *People* v. *Douglas*.

ZANE, C. J. *(orally)*:

The court is of the opinion the justice of the peace having reached the limit of his jurisdiction in adjudging that the defendant be imprisoned in the county jail for a period of six months, had no valid authority to adjudge

that the defendant be further imprisoned in default of payment of the fine imposed and to that extent the judgment is void. It appears that the petitioner has already been imprisoned for a period of more than six months, and is consequently entitled to be discharged.

The writ is allowed and the petitioner discharged.