## LOGAN CITY v. STEADMAN.

No. 2767. Decided February 14, 1916. (155 Pac. 445.)

1. MUNICIPAL CORPORATIONS—CITY ORDINANCE—PUBLICATION—VARIANCE—EFFECT. A city ordinance was passed, touching the sale of intoxicants and providing that: "Any person who shall in any way violate any of the provisions of this ordinance shall be guilty of a misdemeanor, and * * * punished by a fine of not less than fifty dollars nor more than $299.00, or by imprisonment * * * for not less than thirty days nor more than six months, or by both such fine and imprisonment." As such ordinance was published, pursuant to statute, it read, as to the punishment: "Shall be punished by a fine of not less than $50 nor more than $299, or by imprisonment * * * for not less than thirty days nor more than fifty dollars, nor more than $299.00 and imprisonment." *Held*, that such ordinance was not wholly bad for lack of publication, and permitted judgment for fine to be entered in a prosecution for its violation. (Page 612.)

2. FINES—VIOLATION OF ORDINANCE—IMPRISONMENT FOR NONPAYMENT. In a prosecution for violation of a city ordinance which, for failure to correctly publish the part of its penalty clause relating to punishment by imprisonment, did not permit of judgment of imprisonment for more than thirty days, a judgment directing that defendant be imprisoned until the fine was paid would not permit imprisonment longer than thirty days to enforce payment.[1] (Page 612.)

---

[1] *In re Lewis*, 10 Utah, 47.

Appeal from District Court, First District; *Hon. J. D. Call*, Judge.

Thomas Steadman was convicted of selling intoxicants in violation of an ordinance of Logan City, and he appeals.

AFFIRMED.

*M. C. Harris* and *George Q. Rich* for appellant.

*A. A. Law* for respondent.

STRAUP, C. J.

The defendant was convicted of selling intoxicating liquors in violation of an ordinance, and appeals. When the ordinance was offered in evidence, he objected to it on the ground of variance between the ordinance as passed **1, 2** and as published. The ordinance was admitted. This ruling is the only point discussed. The statute requires that all ordinances, before taking effect, "shall be * * * published at least once in some newspaper published within the city," etc. The variance relates to the penalty clause or section. This clause of the ordinance as passed and adopted, and thus as admitted is:

"Any person who shall in any way violate any of the provisions of this ordinance shall be guilty of a misdemeanor, and except as otherwise provided herein, shall be punished by a fine of not less than fifty dollars nor more than $299.00, or by imprisonment in the city jail for not less than thirty days nor more than six months, or by both such fine and imprisonment."

It is the same as published, except the latter portion, which reads:

"Shall be punished by a fine of not less than fifty dollars nor more than $299.00 or by imprisonment in the city jail for not less than thirty days nor more than fifty dollars nor more than $299.00 and imprisonment."

It is observed that the words "six months or by both such fine" in the ordinance as passed were omitted from the publication, and the words and figures "fifty dollars nor more than $299.00" were repeated and substituted. Thus, the clause as

published does not, as does the ordinance as passed, provide for both a fine and imprisonment, nor does it fix a maximum imprisonment. It, however, does clearly enough provide, as does the ordinance as passed, a penalty by fine of not less than fifty dollars nor more than $299. Let it be conceded that because of the variance the ordinance does not permit a judgment of imprisonment. The ordinance, however, both as passed and published, does permit a judgment by fine. The ordinance, therefore, is not wholly bad. Nor does that which may be regarded bad render inoperative that which is good. Hence the ordinance was properly received. What is urged against it can only affect the kind of judgment rendered under it. The judgment which was rendered was a judgment of fine only, a fine of $299. True, the judgment also directed that the defendant be imprisoned until the fine be paid—one day imprisonment for each dollar fine. Though such direction is, in many jurisdictions, regarded not as a part of the penalty imposed, but only as a means of enforcing the judgment and to compel obedience to the order of the court directing the payment of the fine. (*Brock* v. *State,* 22 Ga. 98; *State* v. *Peterson,* 38 Minn. 143, and Notes 12 Am. St. Rep. 202), yet in California (*ex parte Soto,* 88 Cal. 624) and in this jurisdiction (*in re Lewis,* 10 Utah 47) it has been held that there can be no imprisonment in satisfaction of fine for time longer than the maximum term of imprisonment prescribed as the penalty for the offense. Thus, should the precedent here established be followed, the appellant, in default of payment of the fine, could not, under the judgment, be imprisoned longer than thirty days, that being both the minimum and maximum term of imprisonment prescribed by the published ordinance. But whatever judgment may be properly rendered under the published ordinance cannot affect the admissibility of the ordinance so long as valid and sufficient provisions of it permit a proper judgment of some sort. Hence follows it that no error was committed in admitting the ordinance in evidence, and as that ruling is the only point presented and discussed, it further follows that the judgment must be affirmed. Such is the order.

FRICK and McCARTY, JJ., concur.