## WILLIAM HARRIS, in Error, *versus* The COMMONWEALTH.

. A person convicted of a violation of Revised Stat. *c.* 47, regulating licensed houses, may be sentenced to pay a fine and costs, and to stand committed *till the sentence be performed.*

HARRIS, the plaintiff in error and original defendant, was indicted for presuming to be a common seller of wine and spirituous liquor, and also for selling spirituous liquor in a less quantity than fifteen gallons, at divers times, without being licensed.

At the trial in the Court of Common Pleas, before *Williams* J., the plaintiff Harris was found guilty and sentenced to pay a fine of $ 100, for the offence first mentioned, and a fine of $ 10 for each of the other offences, together with the

---

costs of prosecution, and to stand committed till the sentence should be performed.

Harris brought a writ of error, and assigned the following, among other causes :

1. That the fine of $ 100 was imposed upon Harris for being a common seller of wine and spirituous liquors ; whereas there is no statute now in force forbidding any person to be a common seller, or imposing any such forfeiture for the same.

2. That Harris was sentenced to pay certain fines and to stand committed till the sentence should be performed ; where as the only provision of law in this behalf is, that if the person convicted shall fail to pay the fine awarded against him, he may be imprisoned for a time not exceeding ninety days.

*Lunt*, for the defendant.

*Austin*, (Attorney-General,) for the Commonwealth.

SHAW C. J. delivered the opinion of the Court. We consider the statute (Revised Stat. c. 47) as providing that in the first instance the court shall, on conviction on indictment, award the pecuniary penalty, and the convict may, in all cases, discharge himself by paying it. But if he does not pay it, then the court may adopt one of two courses ; either let the sentence stand as a final sentence for a pecuniary penalty, or, instead of it, and by way of punishment, sentence him to a punishment by imprisonment for a term to be fixed by the court, not exceeding ninety days. But in such case, the sentence to pay the fine is superseded and the liability to imprisonment becomes absolute for the time fixed, and the convict cannot discharge himself by paying the fine.

But in the 27th section, the word *may* leaves it optional with the court or magistrate, thus to substitute imprisonment for fine, and it is not imperative. If such substituted punishment by imprisonment is not awarded, then the former sentence remains, as if no such alternative had been prescribed, as a sentence on a conviction on indictment, for the payment of a fine. In such case, we take it to be a settled rule of law, that the sentence is, to pay the fine, or stand committed until that sentence be performed.

The Revised Statutes imply, that a person sentenced to pay a fine, may be committed, by providing for his discharge, if

*Harris*
*v.*
Common-
wealth.

*Nov.* 5th

*Nov.* 8th

Harris
v.
Common-
wealth.

the fine and costs are not paid, and he is unable to pay them Revised Stat. *c.* 145, § 3.

We consider, therefore, that for a conviction under the 47th chapter of the Revised Statutes, one may be sentenced to pay a fine and costs, and stand committed until that sentence be performed.

For the reasons given in the case of the *Commonwealth* v. *Odlin*, we are of opinion that the Revised Stat. *c.* 47, § 1, is not repealed, and therefore, that the defendant was rightly sentenced under that statute to the penalty of one hundred dollars.