No. 21.—THOMAS W. BROCK, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant in error.

[1.] The presentment of a party by a Grand Jury, is an accusation, is an indictment, a prosecution, and when the Grand Jury makes a presentment, it arrests the statute of limitations.

[2.] To justify a Court to give a charge to the jury requested by counsel, the pleadings and evidence must authorize it.

[3.] To enforce the payment of a fine, the Court may imprison the defendant, and it is not error to express in the sentence, a limit beyond which the imprisonment shall not extend, if the fine is not paid.

Indictment for Gaming, from Forsyth Superior Court. Tried before Judge BROWN, at February Term, 1857.

The defendant in the Court below, *Thomas W. Brock,* was specially presented by the Grand Jury of Forsyth county, at August Term, 1856, for the offence of playing and betting at cards. It was agreed between defendant's counsel and the Solicitor General, that the former would waive the making out and filing the indictment upon the special presentment, if the latter would consider the indictment found and filed as of that day, the 19th February, 1857, and allow the defendant the benefit of the plea of the statute of limitations: and the following entry was endorsed on the presentment: "We waive an arraignment, and consent to consider the bill of indictment as filed of to-day, 19th February Term, 1857, (signed) by G. W. Lester and W. J. Peeples, defendant's attorney."

Before going into the trial, defendant's counsel *demurred* to the indictment and moved the Court to take a verdict of not guilty, upon the ground that the indictment showed upon its face that the same was not found and filed within two years after the commission of the offence charged therein, and that the same was barred by the statute of limitations The Court overruled the demurrer and motion, and defendant excepted.

Brock vs. The State of Georgia.

After the testimony was closed, defendant's counsel requested the Court to charge the jury that if the indictment upon its face showed, and they believed from the evidence, that the offence was committed two years before the finding of the indictment, that the same was barred by the statute of limitations, and that the defendant ought to be acquitted: which charge the Court refused to give, but charged the jury, that if the special presentment was found within two years from the commission of the offence, that the defendant was not protected by the statute of limitations, although the indictment was not made out until after the lapse of two years from the time of the commission of the offence, and if they were satisfied from the evidence that the defendant had committed the offence at any time within two years prior to the finding of the special presentment, that the statute was no bar, and they should find defendant guilty. To which charge and refusal to charge, defendant excepted. The jury found the defendant guilty; and the Court sentenced him to pay a fine of $100, and cost of suit; and on failure to pay the same, to three months imprisonment, unless said fine and costs were sooner paid. To which judgment and sentence, defendant excepted.

And thereupon counsel for defendant tendered their bill of exceptions, and assign as error the rulings, judgment, charges, and refusals to charge above excepted to.

IRWIN & LESTER; and W. J. PEEPLES, for plaintiff in error.

SOL. GENERAL, for defendant in error.

*By the Court.*—McDONALD, J. delivering the opinion.

The defendant was presented at the August Term of 1856, of the Superior Court of Forsyth county. The offence was charged to have been committed on the 14th day of November, 1854. The Solicitor General and the defendant's

counsel entered into an agreement before the trial, in the following words : " We waive an arraignment, and consent to consider the bill of indictment as filed as of to-day, 19th of February Term, 1857."

[1.] The defendant's counsel demurred to the bill of indictment on the ground that it showed on its face, that it was not found and filed in the proper Court within two years from the commission of the offence, as charged therein, and that the offence was barred by the statute of limitations. The Court overruled the demurrer. The counsel for the prisoner excepted. The indictment shows that it was found by the Grand Jury at August Term, 1856, and that the offence was committed in November, 1854. Two years had not intervened between the commission of the offence and the finding of the bill of indictment. The presentment is the indictment. If the offence is charged by the Grand Jury in the presentment, the indictment is then found, for the duty of that, and all other Grand Juries, is at an end on that accusation, unless it be quashed or a *noli prosequi* be entered. The charge is complete, and it is sufficient, so far as the grand inquest is concerned, to put the accused on his trial before the Jury.

[2.] The charge of the Court to the jury is sustained by the testimony. The indictment charges the offence to have been committed within two years before the presentment or indictment, and the proof supports it. It would have been error to have charged as requested.

[3.] The ground of error assigned on the judgment of the Court, is that the Court sentenced the defendant to be imprisoned for three months in the common jail. On examining the record, we find that the judgment of the Court does not sustain the assignment. The judgment is that the defendant pay a fine of one hundred dollars and the costs of the prosecution, and on failure to pay the same, that he be committed to the common jail of the county for three months, unless the fine and costs be sooner paid.

The penalty for the offence of which the defendant was convicted is pecuniary altogether.   The Court, on imposing the penalty, may enforce its payment by adjudging that the party convicted be. committed until the fine and costs are paid.   The imprisonment is no part of the penalty imposed, but it is the means and the legal means of enforcing the judgment of the Court.   Such is the judgment in this case. The imprisonment is not ordered as a penalty, and the judgment is not in the alternative, and the imprisonment, when suffered, is not a discharge of the penalty.   That still remains. The judgment, as pronounced, is milder and more favorable to the prisoner than the ordinary judgment—to stand committed until the fine is paid—for under this sentence, if he pays the fine and costs before the expiration of three months, he is to be discharged, and whether he pays or not, at the expiration of three months he is to be discharged.

Judgment affirmed.