## FISCHER *v.* HAYES.

*(Circuit Court, S. D. New York.* April 18, 1881.)

1. CONTEMPT OF COURT—WARRANT OF COMMITMENT—PRACTICE.

    A party having been adjudged guilty of criminal contempt in the violation of an injunction in a patent suit, (6 FED. REP. 63,) and a warrant of commitment being about to issue for the non-payment of the fine imposed, *held,* if the defendant desired to suspend the execution of the warrant until a final decree could be had, and appeal taken to the supreme court, that he should give a bond, with sureties, to pay the amount of said fine whenever the court should vacate the suspension, and that a reasonable time would be allowed to give such bond after the warrant was issued, during which time the execution of said warrant would be suspended.

2. SAME—SAME—FORM OF PROCESS.

    Form of process for carrying into effect the provision of the order in the contempt proceedings, directing that the defendant stand committed till the fine be paid, prescribed by the court.—| ED.

In Equity.

*Edmund Wetmore,* for plaintiff.

*James H. Whitelegge,* for defendant.

BLATCHFORD, C. J.   In this suit this court decided, January 26, 1881, (6 FED. REP. 63,) that the provisions of the order of March 13, 1880, should be carried into effect.   That order directed that the defendant should pay into court $1,389.99 as a fine for the contempt referred to in the order, within a specified time, and that, if not paid, the defendant should stand committed till it should be paid, and that when paid it should be paid over to the plaintiff in re-imbursement.   The contempt consisted in the use, in violation of a preliminary injunction issued in this cause, of a machine which the court held to be an infringement of the patent, the violation of which was forbidden by said injunction.   The amount of the fine was the amount found by the court to be the expenses of the plaintiff for counsel fees and otherwise in prosecuting the contempt proceeding.   In this decision a order was made by the court on the second of February, 1881, ordering that the terms of the orders filed herein February 17, 1880, and March 13, 1880, be carried into effect,

and that the defendant, within 30 days after the service upon him personally, and also upon his solicitor herein, of a copy of said order, pay unto this court the sum of $1,389.99, named in said order filed March 13, 1880, as the fine therein named for the contempt therein mentioned, "being the same fine and the same contempt mentioned in said order filed February 17, 1880, and in the proceedings on which said two orders were founded," and that, if said fine be so paid, it be paid over to the plaintiff in re-imbursement, and that, if it be not so paid, proper process issue to carry into effect the provision of said order filed March 13, 1880, that said defendant stand committed till said fine be paid; "and that, on the failure of said defendant so to pay said fine, the plaintiff may apply to this court, on proof of said failure, and on notice to said defendant personally, and to his solicitor herein, for an order directing such process to issue, and prescribing its form." The plaintiff has produced proof of the service on the defendant and on his solicitor, on the third of February, 1881, of a certified copy of said order of February 2, 1881, and proof of the failure of the defendant to pay said fine; and, on notice to said defendant personally, and his appearance by counsel, has moved for an order directing the proper process to issue to carry into effect the provision of said order made March 13, 1880, that said defendant stand committed till said fine be paid, and prescribing the form of such process.

The court has prescribed the form of such process to be—

A warrant from the court to the marshal, reciting the issuing of the injunction, a copy of it, the return of its service, a copy of said return, the motion for the attachment, copies of the notice of motion and of the affidavits on which it was made, the service thereof on the defendant personally before the making of the motion, the hearing of the motion, copies of the affidavits filed therein by the defendant, a copy of the order of August 1, 1879, a copy of the report of the referee and of the evidence taken before him, a copy of the order filed February 9, 1880, a copy of the order filed February 17, 1880, copies of the affidavits filed in pursuance of the last-named order, a copy of the order filed March 13, 1880, a copy of the affidavit on which the defendant applied for an order granting time to comply with the last-named order, a copy of the order of April 13, 1880, granting such time, a copy of the writ of error sued out by the defendant, copies of the bond and citation therein,

a copy of the mandate of the supreme court of the United States, a copy of the order of February 2, 1881, a copy of the affidavit of the service of a copy of the last-named order on the defendant and on his solicitor, a copy of the notice of motion and certificate on which the plaintiff moved for an order that process issue to carry into effect the order filed March 13, 1880, the fact of service thereof on the defendant and the hearing of said motion and of counsel for the defendant therein, and then stating that " it appearing that the said George Hayes has not paid the said fine imposed by the hereinbefore recited orders, and this warrant of commitment having been ordered by the said court to issue, by an indorsement thereon in the words and figures following, viz.: ' Let the within warrant of commitment issue from this court, under the seal thereof and the hand of the clerk thereof. Saml. Blatchford, circuit judge,' " and then ordering the marshal to take the body of the defendant and keep him in custody until he shall have paid into court the sum of $1,389.99, the amount of said fine, together with the fees of the marshal thereon.

The decision of this court, on the final hearing of this case on pleadings and proofs, was made on the twenty-sixth of January, 1881, and an interlocutory decree has been entered herein in favor of the plaintiff, under which an accounting is proceeding. There can be no final decree till after a report on such accounting, and there can be no appeal to the supreme court till after such final decree. The defendant contends that the grounds assigned by the supreme court, in its decision dismissing the writ of error, as the reasons for its action, show a valid reason why such warrant of commitment should be withheld until the record on the final decree herein is brought before the supreme court for review; that this contempt proceeding will not bear the construction that it is a matter criminal in its character; that the supreme court has left open the question as to whether the matter is a criminal one, or is to be treated as a part of the suit in equity; that, if it is the latter, it cannot be reviewed by the supreme court till after a final decree in the suit; that there was no intentional violation of the injunction; that in such case a contempt is not a criminal contempt; that the contempt proceedings is this case involve only the question as to whether a given machine infringes the patent; that for that reason, and because they are entitled in the suit, and concern only the parties to the suit, they are part of what was done in the suit, and so are reviewable on appeal; and that the

defendant ought to be allowed an opportunity to present these questions to the supreme court, and, if possible, obtain a decision on all the questions involved in the contempt proceedings, at the same time with a decision on the questions at issue in the suit.   It is also suggested, on the part of the defendant, that, if necessary, he be meanwhile admitted to bail.

In its decision dismissing the writ of error, (*Hayes* v. *Fischer*, 1 Morrison's Transcript, 47,) the supreme court say of the order of conviction :

" If the order complained of is to be treated as part of what was done in the original suit, it cannot be brought here for review by writ of error. Errors in equity suits can only be corrected in this court on appeal, and that after a final decree.   This order, if part of the proceedings in the suit, was interlocutory only.   If the proceeding below, being for contempt, was independent of and separate from the original suit, it cannot be re-examined here, either by writ of error or appeal."

If the plaintiff shall recover a sum of money in this suit by the final decree, the defendant can stay the collection of that sum by appealing and giving the security required by sections 1000, 1007, and 1012 of the Revised Statutes, and, where the case is one for such stay, no execution can issue until the expiration of 10 days from the rendering of the decree.   Moreover, the court has power, in its discretion, when an appeal from a final decree granting an injunction is allowed, to suspend or modify the injunction during the pendency of the appeal, upon such terms, as to bond or otherwise, as it may consider proper for the security of the rights of the opposite party.   Rule 93 in Equity, of January 13, 1879.   These provisions for the stay or suspension of the operation of a decree, on giving a bond to secure the rights of the opposite party under the decree, are based on the view that where those rights can be secured while a review is pending it is reasonable to give to the party seeking the review the stay or suspension till the questions raised on review are decided, provided he gives the security.   The security to be given on appeal from the final decree herein will not be security to pay the amount of said fine.   It is, therefore, proper that the defendant should now, as a condi-

tion of suspending the execution of the warrant of commitment after it is issued, give a bond, with sureties, to pay the amount of said fine whenever this court shall vacate such suspension. A reasonable time will be allowed to give such bond after the warrant is issued, during which time the execution of the warrant will be suspended, and when such bond is given the execution of the warrant will be suspended until this court shall vacate such suspension. The terms of the order hereon will be settled on notice.