[No. 10,622.—In Bank.]
May 2, 1881.

## EX PARTE JAMES L. CRITTENDEN.

CONTEMPT—FINE—IMPRISONMENT.—Upon a judgment imposing a fine for contempt, it is competent for the Court to direct that the party stand committed until the fine be paid.

APPLICATION for writ of *habeas corpus.*

*M. T. Moses,* for Plaintiff.

*D. L. Smoot,* for Defendant.

The COURT:

The petitioner was adjudged guilty of contempt by the Superior Court of San Francisco County, and was ordered to pay a fine of $100, and to stand committed to the county jail for a period of one day for every two dollars of the unpaid portion of the fine. The order of the Court sets forth the facts constituting the contempt, and we are of the opinion that the facts show a case of contempt under the provisions of the Code of Civil Procedure.

But it is claimed that it was not competent for the Court to imprison the petitioner under an order or judgment simply imposing a fine. In the case of *New Orleans* v. *Steamship Company*, 20 Wall. 392, the Supreme Court of the United States says: "Contempt of Court is a specific criminal offense. The imposition of the fine was a judgment in a criminal case. That part of the decree is as distinct from the residue as if it were a judgment upon an indictment for perjury committed in a deposition read at the hearing. * * In *Crosby's Case*, 3 Wils. 188, Mr. Justice Blackstone said: 'The sole adjudication for contempt, and the punishment thereof, belongs exclusively and without interfering to each respective Court.'"

The question of contempt of Court, and the punishment thereof, has recently undergone a thorough examination in the case of *Fischer* v. *Hayes*, 7 Fed. Rep. 96. In that case Blatchford, J., says: "It is suggested that Section 725 provides for the punishment of a contempt by a fine or imprisonment, and that, therefore, a commitment for non-payment of the fine is unlawful, because such commitment is 'imprisonment.' There is, however, no commitment *or* imprisonment if the fine be paid. There is no commitment *and* fine. The punishment by a fine is fully inflicted, under the terms of the order, if the fine be paid as the order directs, and in such case there can be no commitment. So, if there be a commitment for non-payment of the fine, there must be a discharge as soon as the fine is paid. The payment of the fine is the punishment. The awarding or infliction of the fine is no punishment. The commitment is an incident of the fine. It is not, in any manner, the 'imprisonment' allowed by the statute. The payment of the fine, and a commitment for not paying it, can not co-exist. The commitment is not a separate punishment or imprisonment added to the payment of a fine. It is in view that it has always been held that where a statute authorizes or prescribes the infliction of a fine as a punishment, either for a contempt of Court or for a defined offense, it is lawful for the Court inflicting the fine to direct that the party stand committed until the fine be paid, although there be no specific affirmative grant of power in the statute to make such direction.

The learned Judge then proceeds to cite numerous cases in support of his view of the law.

We are of opinion that it was competent for the Superior Court to make the order complained of in this case, and therefore the writ is dismissed and the petitioner remanded.