[No.        In Chambers. — April 18, 1892.]

## EX PARTE AMOS ABBOTT, ON HABEAS CORPUS.

CONTEMPT — JURISDICTION OF SUPERIOR COURT — IMPRISONMENT FOR NON-
PAYMENT OF FINE. — A superior court imposing a fine for contempt has
the power to make and enforce a judgment that in default of payment
the party in contempt be imprisoned in satisfaction of the fine until the
fine is satisfied, at the rate of one day for every two dollars of the fine
unpaid.

ID. — CONSTRUCTION OF CODES. — Section 1205 of the Penal Code as amended
in 1891 does not apply to cases of contempt; but the power to punish
therefor, and its limitations, are prescribed by the Code of Civil Procedure.

APPLICATION to the Supreme Court for a discharge
upon a writ of *habeas corpus.* The facts are stated in the
opinion of the court.

*C. C. Stephens,* for Petitioner.

*Waldo M. York, contra.*

BEATTY, C. J. — Petitioner was duly convicted in the
superior court of Los Angeles of a contempt of its au-
thority, and sentenced to pay a fine of four hundred
dollars, and in default of payment, to be imprisoned in
satisfaction of the fine one day for every two dollars of
the fine unpaid.    In pursuance of said judgment, he has
been committed to and is imprisoned in the county jail.
He asks to be discharged, upon the ground that since the
recent amendment of section 1205 of the Penal Code
(Stats. 1891, p. 52), the superior courts have no power in
contempt cases to imprison the defendant in satisfaction
of a fine for a longer period than five days.

The whole question to be decided is, whether this
amendment to the Penal Code applies to cases of con-
tempt.

In my opinion, it does not.    Section 1205 of the Penal
Code, since the amendment referred to, is, as it was
before, to be read in connection with section 11 of the
same code, which expressly declares that " this code
does not affect any power conferred by law upon any

. . . . tribunal, or officer, to impose or inflict punishment for a contempt."

The power to punish for contempt of court, and its limitations, must therefore be sought elsewhere than in the Penal Code, and they are found in the Code of Civil Procedure, sections 1209 et seq. The limit of punishment there prescribed is a fine not exceeding five hundred dollars, or imprisonment not exceeding five days, or both. (Code Civ. Proc., sec. 1218.) The power conferred by this section is not affected by any of the provisions of the Penal Code. In *Ex parte Crittenden*, 62 Cal. 535, it was held that the court imposing a fine for contempt has the power to make and enforce a judgment such as that in question here, and that, as I understand the decision, without reference to or aid from section 1205, or any other provision of the Penal Code. That decision has never been overruled or questioned, to my knowledge, and remains the law by which I must be bound in deciding this application.

The prisoner is remanded.