[Crim. No. 1630. In Bank.—July 31, 1911.]

## Ex Parte LOUIS KARLSON, on Habeas Corpus.

CONTEMPT—PUNISHMENT BY FINE—IMPRISONMENT UNTIL PAYMENT—
TERM MAY EXCEED FIVE DAYS.—Where a fine is imposed as a
punishment for a contempt, the court has power to enforce its pay-
ment by imprisonment until paid, notwithstanding such term of
imprisonment may exceed five days.

ID.—PROVISIONS OF PENAL CODE INAPPLICABLE TO CASES OF CONTEMPT.—
Section 1205 of the Penal Code, providing that imprisonment as a
means of enforcing the payment of a fine shall not "extend in any
case beyond the term for which the defendant might be sentenced to
imprisonment for the offense of which he has been convicted," has
no application to cases of contempt, because section 11 of that code
expressly declares that "this code does not affect any power conferred
by law upon any . . . tribunal, or officer, to impose or inflict pun-
ishment for a contempt."

ID.—REMEDY BY EXECUTION MERELY CUMULATIVE.—The provision of sec-
tion 1007 of the Code of Civil Procedure, that an order for the
payment of money may be enforced by execution against property,
is merely a cumulative remedy for the enforcement of the fine.

ID.—CRIMES PUNISHABLE BY STATUTE—CONTEMPTS UNDER CODE OF CIVIL
PROCEDURE.—The declaration of the Penal Code to the effect that
no act shall be punishable as a crime except such as may be made
a crime by statute, and then only in the manner prescribed or
authorized by statute, does not apply to contempts punishable under
section 1209 of the Code of Civil Procedure, and the question
whether the particular act is punishable as a criminal contempt or
not, under section 166 of the Penal Code, is immaterial to any
inquiry arising in a contempt proceeding under section 1209.

APPLICATION for a Writ of Habeas Corpus directed to
the Sheriff of Los Angeles County.

The facts are stated in the opinion of the court.

James G. Maguire, Daniel O'Connell, and Fred J. Spring,
for Petitioner.

Gray, Barker, Allen, Van Dyke & Jutten, Earl Rogers, and
W. H. Dehin, for Respondent.

MELVIN, J.—Petitioner has been held in custody by the
sheriff of the county of Los Angeles on a commitment for

contempt of court consisting of a violation of an injunction issued by the superior court in the case of the Pacific Ornamental Iron Works (a corporation), *v.* Metal Trades Council, Los Angeles, California, an association, Louis Karlson et al. It is unnecessary to review in detail the acts of Karlson found by the court to constitute the contempt for which he has been fined. It is sufficient to say that they were in violation of the injunction.

Petitioner's principal and only serious objection urged upon the hearing of this matter was directed to the method whereby the fine imposed was to be satisfied, therefore we need only consider the punishment sought to be inflicted. Under the terms of the commitment a fine of two hundred dollars was imposed upon this petitioner and it was further provided that "upon his failure to pay such fine he be committed to the county jail until such fine is paid at the rate of one day's imprisonment for each two dollars of said fine." When the petition for a writ of *habeas corpus* was filed Karlson had been in custody for non-payment of his fine under this commitment for a period of more than five days, but not long enough to entirely satisfy the fine by imprisonment. The question for us to determine, therefore, is this: May a court enforce payment of a fine imposed upon one found guilty of contempt by commitment to prison for more than five days?

Petitioner concedes that the court had jurisdiction to impose a fine of two hundred dollars (Code Civ. Proc., sec. 1218), and that such fine may be enforced by an execution as is a judgment in a civil action, but he insists that sections 1218 of the Code of Civil Procedure, and 1205 of the Penal Code, are binding upon the court and determinative of the whole matter. The former section provides that a court has jurisdiction to punish for contempt by fine not exceeding five hundred dollars, or by imprisonment for not more than five days, or by both such fine and imprisonment; but section 1205 of the Penal Code ordains that imprisonment as a means of enforcing the payment of a fine shall not "extend in any case beyond the term for which the defendant might be sentenced to imprisonment for the offense of which he has been convicted." Petitioner's position would be impregnable if we were bound by the provisions of section 1205 of the Penal Code.

Before the amendment to that section limiting the term of imprisonment for satisfaction of a fine to a period equal to the

maximum term for which the court might commit to prison without alternative, this court speaking of the action of the lower court in a case very similar to the one at bar said (*In re Tyler*, 64 Cal. 438, [1 Pac. 887]): "In the punishment inflicted, the court did not exceed its jurisdiction. It had jurisdiction to punish by fine not exceeding five hundred dollars, or imprisonment not exceeding five days, or by both. (Code Civ. Proc., sec. 1218.) In the exercise of its jurisdiction, it imposed a fine of five hundred dollars, and that exhausted its statutory power of punishment; but the committal was not an additional punishment, it was simply the written mandate or process by which the court undertook to enforce its judgment. A judgment of fine is enforceable by an execution, as on a judgment, in a civil action (Pen. Code, sec. 1214; Code Civ. Proc., sec. 1006) or by commitment under the criminal law. (Pen. Code, sec. 1205.) A person against whom such a judgment has been pronounced has, therefore, the privilege, under the law, of paying it either by money or by imprisonment. If he pays in money there can be no commitment. If he refuses to pay in that way, the commitment follows, as an incident to the judgment, until the judgment has been complied with according to law." If the measure of imprisonment for the collection of a fine in such a case was section 1205 of the Penal Code before its amendment, then, petitioner insists, the same section as amended, with the limitation which has been added should now prescribe the maximum imprisonment for the collection of a part of this fine. But in *Ex parte Abbott*, 94 Cal. 333, [29 Pac. 622], the chief justice held that section 1205 of the Penal Code had no application to cases of contempt because section 11 of the same code expressly declares that "this code does not affect any power conferred by law upon any . . . tribunal, or officer, to impose or inflict punishment for a contempt." Speaking of the measure of punishment for contempt of court he said in that case: "The power to punish for contempt of court, and its limitations, must therefore be sought elsewhere than in the Penal Code, and they are found in the Code of Civil Procedure, section 1209 et seq. The limit of punishment there prescribed is a fine not exceeding five hundred dollars, or imprisonment not exceeding five days, or both. (Code Civ. Proc., sec. 1218.) The power conferred by this section is not affected by any of the provisions of the Penal

Code. In *Ex parte Crittenden*, 62 Cal. 535, it was held that the court imposing a fine for contempt has the power to make and enforce a judgment such as that in question here, and that, as I understand the decision, without reference to or aid from section 1205, or any other provision of the Penal Code. That decision has never been overruled or questioned, to my knowledge, and remains the law by which I must be bound in deciding this application."

It will be noted that in the opinion in *In re Tyler*, 64 Cal. 438, [1 Pac. 887], the court made no reference to section 11 of the Penal Code, and doubtless, that section was not called to the attention of Mr. Justice McKee, who wrote the opinion from which some of the language quoted above is called to our attention by petitioner's counsel. In that opinion, however, and in the concurring opinions signed by four other justices, *Ex parte Crittenden*, 62 Cal. 535, is expressly affirmed, and no case has been called to our attention changing the rule there announced. In that case the court said: "But it is claimed that it was not competent for the court to imprison the petitioner under an order or judgment simply imposing a fine. In the case of *New Orleans* v. *Steamship Co.*, 20 Wall. 392, [22 L. Ed. 354], the supreme court of the United States says: 'Contempt of court is a specific criminal offense. The imposition of the fine was a judgment in a criminal case. That part of the decree is as distinct from the residue as if it were a judgment upon an indictment for perjury committed in a deposition read at the hearing. . . . In *Crosby's Case*, 3 Wilson, 188, Mr. Justice Blackstone said: "The sole adjudication for contempt, and the punishment thereof, belongs exclusively and without interfering to each respective court." '

"The question of contempt of court and the punishment thereof has recently undergone a thorough examination in the case of *Fischer* v. *Hayes*, 7 Fed. 96. In that case Blatchford, J., says: 'It is suggested that section 725 [Rev. Stats., U. S. Comp. Stats., 1901, p. 583], provides for the punishment of a contempt by a fine or imprisonment, and that, therefore, a commitment for nonpayment of the fine is unlawful, because such commitment is "imprisonment." There is, however, no commitment *or* imprisonment if the fine be paid. There is no commitment *and* fine. The punishment by a fine is fully inflicted, under the terms of the order, if the fine be paid as the

order directs, and in such case there can be no commitment. So, if there be a commitment for non-payment of the fine, there must be a discharge as soon as the fine is paid. The payment of the fine is the punishment. The awarding or infliction of the fine is no punishment. The commitment is an incident of the fine. It is not, in any manner, the "imprisonment" allowed by the statute. The payment of the fine, and a commitment for not paying it, cannot co-exist. The commitment is not a separate punishment or imprisonment added to the payment of a fine. It is in this view that it has always been held that where a statute authorizes or prescribes the infliction of a fine as a punishment, either for a contempt of court or for a defined offense, it is lawful for the court inflicting the fine to direct that the party stand committed until the fine is paid, although there be no specific affirmative grant of power in the statute to make such direction.' " (The language quoted from *Fischer* v. *Hayes,* by the way, is not found in the report of that case in 7 Fed., p. 96, but in 6 Fed., at p. 71.)

The common law of England is the law of this state, so far as it is not repugnant to our own statutes and constitution. (Pol. Code, sec. 4468.) The rule of the common law that the payment of a fine might be enforced by imprisonment until the fine is paid, was the uniform practice of the common law courts in England, time out of mind, as may be seen by a perusal of the decisions of the court of kings bench. "Directing that the prisoner shall stand committed till the fine, or till the fine and costs are paid, is not adding to the legal punishment, but simply a mode of enforcing obedience to the sentence of the law. The usual form of the common-law judgment is, that the prisoner stand committed till the fine is paid." (*Dodge* v. *State,* 24 N. J. L. 466.) There is abundant authority to this effect in addition to the cases already cited. (See 8 Ency. of Plead. & Prac. 961; *Rex* v. *Waddington,* 1 East 166; *Rex* v. *Wilkes,* 4 Burr. 2574; *Harris* v. *Commonwealth,* 40 Mass. (23 Pick.) 280; *Brock* v. *State,* 22 Ga. 100; *McMeekin* v. *State,* 48 Ga. 335; *Hathcock* v. *State,* 88 Ga. 91, [13 S. E. 959]; *In re Newton,* 39 Neb. 760, [58 N. W. 436]; *State* v. *Manning,* 14 Tex. 402; Bishop on Criminal Procedure, sec. 1310.) The provision of the Code of Civil Procedure that courts may punish a contempt by imposing a fine is consistent with this rule of the common law as to the method of enforcing its payment.

The provision of the section 1007 of the Code of Civil Procedure, that an order for the payment of money may be enforced by execution against property, is merely a cumulative remedy. In many cases an execution would be an ineffective means for the collection of a fine. The property of persons of wealth is often beyond reach of execution. At common law, payment of a fine could be enforced both by a *capias ad satisfaciendum*, that is imprisonment, and by a *levari facias*, that is, an execution against property. (2 Tidd's Prac., 1042; 1 Bishop on Criminal Procedure, sec. 1303.) The two methods are not inconsistent. Section 1007 is general in its terms and applies to all orders. It may apply to a judgment imposing a fine, but there is nothing indicating an intent to make it exclusive or to take away the common law power to enforce a fine by imprisonment.

The Penal Code declares, in effect, that the provision that no act shall be punishable as a crime except such as may be made a crime by statute, and then only in the manner prescribed or authorized by statute (sec. 6), shall not apply to contempts punishable under section 1209 of the Code of Civil Procedure (sec. 11). It necessarily follows that the Penal Code has no application to a civil contempt, and that, the question whether the particular act is punishable as a criminal contempt or not, under section 166 of the Penal Code, is immaterial to any inquiry arising in a contempt proceeding under section 1209. If, after such punishment in such civil proceeding, a person is convicted of the same act as a crime under said section 166, the former punishment may mitigate the severity of the sentence upon the subsequent conviction. (Pen. Code, sec. 658.)

The danger that persons may be imprisoned for an unlimited period for non-payment of a fine for contempt is, as we think, completely removed by the constitutional guaranty that, "excessive bail shall not be required, nor excessive fines imposed; nor shall cruel or unusual punishments be inflicted." (Art. I, sec. 6.) There would be, also, perhaps, recourse to the pardoning power in extreme cases.

It follows herefrom that there is no merit in petitioner's contention, therefore the writ is discharged and the petitioner is remanded.

Shaw, J., Sloss, J., and Lorigan, J., concurred.

ANGELLOTTI, J., dissenting.—I dissent. It is practically held by the opinion that, section 1205 of the Penal Code having no application to proceedings for contempt under sections 1209 et seq. of the Code of Civil Procedure, any court imposing a fine upon a person as a punishment for contempt may direct that he be imprisoned until such fine is paid. The limitation of section 1205 of the Penal Code, not being applicable, and no limitation being elsewhere made by our statute law, such imprisonment may be continued indefinitely, and as it is held with practical unanimity that imprisonment for mere non-payment of a fine is not imprisonment for debt, and it being reasonably clear that the contempt in such a case as this is a criminal as distinguished from a civil contempt and that mere inability to pay the fine will not be a sufficient warrant for discharge from imprisonment under section 1143 et seq. of the Code of Civil Procedure (see *In re Wilson,* 75 Cal. 580, [17 Pac. 698]), such imprisonment may be continued indefinitely even though the imprisoned party is without any property from which to pay such fine. Such imprisonment may be ordered by any court of justice, including a justice's court. This is the necessary effect of the opinion. And this conclusion is reached although there is no provision in the law applicable to such contempt proceedings that expressly or impliedly authorizes imprisonment for non-payment of a fine.

In my opinion, if section 1205 of the Penal Code has no application in such cases, it follows that a court is without power to imprison for mere non-payment of a fine imposed by it as a punishment for contempt of court in proceedings had under section 1209 et seq, of the Code of Civil Procedure.

The punishment that may be prescribed for such contempts is expressly specified in the statute. "A fine may be imposed on him not exceeding five hundred dollars, or he may be imprisoned not exceeding five days, or both." (Code Civ. Proc., sec. 1218.) Section 1219 of the Code of Civil Procedure specifies the only case in which other imprisonment may be required, being as follows: "When the contempt consists in the omission to perform an act which is yet in the power of the person to perform, he may be imprisoned until he has performed it, and in that case the act must be specified in

the warrant of commitment." The contempt in the case at bar
was not of this character and the section is without application.
Section 1007 of the Code of Civil Procedure, which undoubt-
edly is applicable to such contempt proceedings, provides:
"Whenever an order for the payment of a sum of money is
made by a court, pursuant to the provisions of this code, it
may be enforced by execution in the same manner as if it were
a judgment." This section affords a remedy by execution in
such cases, which, to my mind, is the only method authorized
by law for the enforcement of such a fine, if section 1205 of
the Penal Code is not applicable.

This being the condition of the statutory law in this state,
the opinion necessarily proceeds upon the doctrine declared in
*Fischer* v. *Hayes,* 6 Fed. 71, "that where a statute authorizes
or prescribes the infliction of a fine as a punishment, either
for a contempt of court or for a defined offense, it is lawful for
the court inflicting the fine to direct that the party stand com-
mitted until the fine be paid, although there be no specific
affirmative grant of power in the statute to make such direc-
tion." It is to be observed that no distinction is made here
between contempts of court and other offenses. In any case,
the power to impose a fine carries with it the power to adjudge
imprisonment for non-payment of the fine and until the fine be
paid.

I do not think that the doctrine of this case can properly be
held applicable in this state. It is generally recognized that a
judgment imposing a fine in a contempt matter, where the fine
is solely punitive and in no way remedial, stands on the same
plane as a judgment imposing a fine in the case of an ordinary
criminal prosecution. (7 Am. & Eng. Ency. of Law, 2d ed., p.
67.) The fine is simply a punishment for an offense. The
supreme court of Ohio in *Brown* v. *State,* 11 Ohio, 277, where
a defendant was convicted of crime and judgment of fine
given, with a commitment to imprisonment until the fine and
costs were paid, held that the commitment was unauthorized,
saying: "When common law jurisdiction is entertained, and
courts proceed according to its course, this power exists; but
when offenses are statutory, punishments regulated by statute,
and no such authority of commitment is declared, it is a
power not inferred, does not exist, and cannot be exercised."
In *Lougee* v. *State,* 11 Ohio, 72, the same court said: "Unless

it is so provided by statute, the court has not power to order that a criminal stand committed for the non-payment of a fine." The correctness of the view stated in *Brown* v. *State,* 11 Ohio, 277, will not, I think, be doubted. Is it not applicable in California? In the absence of statute, no act or omission is here punishable as a public offense, and only such punishments can be awarded as are authorized by statute. Our codes and other statutes undertake to cover the whole field of public offenses and the punishments that may be imposed therefor. By section 4 of the Code of Civil Procedure, it is declared that "the code establishes the law of this state respecting the subjects to which it relates." It has always been recognized by our legislature that statutory authorization for imprisonment for non-payment of a fine is essential to its exercise, as is shown by sections 1205 and 1446 of the Penal Code, where such authority is conferred, to be exercised with certain prescribed limitations. In *Ex parte Rosenheim,* 83 Cal. 388, [23 Pac. 372], by the judgment pronounced on conviction of a public offense, both imprisonment and fine were imposed, as was authorized by law, and it was further adjudged that in the event of the non-payment of the fine, the defendant be further imprisoned until the fine be satisfied at a certain rate per day. This court concluded that section 1205 of the Penal Code had no application to a judgment by which both imprisonment and fine were imposed, and having so concluded held that as there was no statutory authority for imprisonment for non-payment of the fine in such a case, the judgment to that extent must be held void and the prisoner discharged. It was said: "Unless it (the legislature) has clearly conferred upon the court authority therefor, it is our duty to hold that the additional penalty cannot be imposed." This case has been followed several times, and clearly decides that express statutory authority is essential to warrant imprisonment for mere non-payment of a fine. There is, as already said, no material difference in the case of the imposition of a fine on conviction for a criminal contempt of court under section 1209 et seq. of the Code of Civil Procedure.

It has been held in New York that where a statute authorizing a fine on conviction of a public offense prescribes a particular method for the enforcement, as by docketing the fine and issuing execution thereon, the court has no authority to

sentence the defendant to imprisonment for non-payment of the fine (*People* v. *Stock*, 26 App. Div. 564, [50 N. Y. Supp. 483], affirmed in 157 N. Y. 681, [51 N. E. 1092]). We have seen that our Code of Civil Procedure prescribes such a remedy for the enforcement of a fine (sec. 1007), and this is the only remedy expressly prescribed unless the Penal Code sections are applicable.

There is no opinion of this court that contains anything in conflict with the foregoing other than the opinion in *Ex parte Crittenden,* 62 Cal. 534. The decision in *Ex parte Abbott,* 94 Cal. 333, [29 Pac. 622], was by the chief justice in a matter heard and decided by him alone, and he very properly considered himself bound, as expressly stated in his opinion, by the opinion of the court in *Ex parte Crittenden,* 62 Cal. 534. The whole discussion of the question at bar in the opinion of the court in the case last mentioned consists of the quotation from *Fischer* v. *Hayes,* 6 Fed. 71, set forth in the main opinion herein and no question appears to have suggested itself as to the applicability of the doctrine therein enunciated in view of such statutes as we have in this state. As already indicated I believe that the opinion in *Ex parte Crittenden,* 62 Cal. 534, is erroneous and that it is directly in conflict with *Ex parte Rosenheim* and kindred cases, and that the views therein expressed should be disapproved by this court.

I do not desire to be understood as assenting to the view that section 1205 of the Penal Code has no application in such cases as this. It has never been so held by this court, the only decision to that effect in our reports being *Ex parte Abbott,* 94 Cal. 333, [29 Pac. 622], a decision made by a single justice. It may be that section 11 of the Penal Code, on which that decision is based, can reasonably be held to have no reference to such contempts as are purely criminal as distinguished from civil. If section 1205 of the Penal Code does apply, the time during which the petitioner may be imprisoned for mere non-payment of the fine had expired. If it does not apply, there was never, in my opinion, any authority for his imprisonment at all for such non-payment.

The decisions from other states cited in the majority opinion, with the exception of the Georgia decisions, will each be found upon examination to be based upon the conclusion that a statute of the state either expressly or by necessary implication

authorized imprisonment for the non-payment of the fine. The only Georgia decision in point is that of *Brock* v. *State,* 22 Ga. 100, decided in the year 1857. The other Georgia decisions cited do not involve the point under discussion.

For the reasons stated, I am of the opinion that the petitioner should be discharged from custody.

Henshaw, J., concurred.