## RIGHT OF A COURT TO COMMIT FOR CONTEMPT.

Hamilton County Court of Common Pleas
(Division of Domestic Relations).

STATE OF OHIO V. ROBERT SPEISER.

Decided, April, 1915.

*Contempt of Court—Statutory Penalty a Fine Only—But the Court Has Inherent Power to Make the Punishment Effective by Commitment.*

A court has power to commit one found guilty of contempt, where the fine imposed therefor remains unpaid.

*Thomas H. Darby* and *Coleman Avery*, for the State.
*Stanley Matthews*, contra.

HOFFMAN (Charles W.), J.

In this case the defendant has pleaded guilty to a charge of contempt of court in that he violated his duty as a juror. A fine of $250 was imposed, and the question now before the court is whether the defendant may be committed to jail until the fine is paid, or he is otherwise discharged according to law.

Section 11441 of the General Code provides that—

"A juror, who after being qualified, refuses or neglects to obey or observe any order or injunction of the court, may be fined as for a contempt, not more than one thousand dollars."

Section 11442 stipulates that—

"Any fine assessed for a contempt, against a person summoned, or who has qualified as a juror, may be collected by execution, and shall be paid into the county treasury and disbursed as other fines."

It is contended by the defendant that, inasmuch as these sections do not specifically provide for inprisonment for the nonpayment of the fine, the court has no power to impose this penalty.

There are no decisions in this state bearing directly upon this point. The general rule in criminal procedure is that the court has no power to commit for the non-payment of a fine. In the case of *Longes* v. *State,* the court said that "in this state the whole matter is regulated by positive law." It will be found, however, that the cases discussing the subject refer more particularly to felonies and misdemeanors as defined by statute.

In *Smith* v. *State,* 4 C.C. (N.S.), 101, the point in issue was the right of the court to imprison for failure to pay a fine in a felony case. That this was the only point considered is clearly shown in the syllabus, which is as follows:

"The statutory provision that a convicted person may be imprisoned until his fine and costs are paid applies only to misdemeanors, and where such an order is made a part of the sentence of one convicted of a felony, error will lie to a refusal to eliminate that portion of the sentence."

There are two cases which, it is claimed, finally settle the question as to the right to commit upon the non-payment of a fine in a contempt proceeding. The first is the case of *Lubbering* v. *State,* 19 C. C., 658. It is expressly stated in this case that "the only contempt charged against Lubbering which the court found him guilty of was not paying $4.50 alimony to the wife," and the court decided that this being the only charge of contempt, the defendant could not be imprisoned for non-payment of the fine of $25 and costs. It is certainly not decided in this case that under no circumstances could a court imprison for non-payment of a fine.

Sections 11441 and 11442 above quoted are similar to the statutes upon this subject in a number of states and there is no statement in the circuit court cases that imply that these statutes should be construed other than the federal courts and the courts of other states having similar statutes have invariably construed them.

It is conceded that all parties to a cause before the court are entitled to a fair and impartial hearing. If this right were not jealously and securely guarded, all governmental functions

would fail. The court under the common law, and in accordance with the general practice in legal procedure, has full and ample power to insure the plaintiff and defendant a fair trial. While it may be, at times, considered dangerous to invest a court with this power, the danger is not so great as that of the possibility of undermining our whole system of trial by jury if this power were withheld.

The Legislature provided in Section 11441 that a fine of not more than $1,000 might be imposed. In the case at bar the fine is $250. The statute was enacted in order that the integrity of juries might be maintained; the statute would have utterly failed to have accomplished its purpose if the only method of collecting the fine was by execution. The inflicting or the assessing of the fine is of no consequence; only its payment can be considered as punishment. It is said in *Fisher* v. *Hughes*, 6 Fed. Rep., 63:

"The payment of the fine is the punishment. The awarding or infliction of the fine is no punishment. The commitment is an incident of the fine. It is not in any manner the imprisonment allowed by the statute."

In the same case the court says:

"It is lawful for the court inflicting the fine to direct that the party stand committed until the fine be paid, although there be no specific affirmative grant of power in the statute to make such deduction."

In *Kanter* v. *Clerk*, etc., 108 App., 287-303, it is held:

"Where a fine is imposed, it is the punishment ordered and the commitment is but an incident    *    *    *;    this is the established doctrine of the common law."

The case of *Fisher* v. *Hayes* was cited with approval in the case *Ex parte Karlson*, 160 Cal., 378, which is a case directly in point. It is said in the syllabus:

"The provision of Section 1007 of the Code of Civil Procedure, than an order for the payment of money may be enforced

by execution against property, is merely a cumulative remedy for the enforcement of the fine.

"*Crimes Punishable by Statute—Contempts Under Code of Civil Procedure.*—The declaration of the Penal Code to the effect that no act shall be punishable as a crime except such as may be made a crime by statute, and then only in the manner prescribed or authorized by statute, does not apply to contempts punishable under Section 1209 of the Code of Civil Procedure, and the question whether the particular act is punishable as a criminal contempt or not, under Section 166 of the Penal Code, is immaterial to any inquiry arising in a contempt proceeding under Section 1209."

It is contended that the Karlson case is based on the fact that the common law of England is made by statute a part of the law of California. There is nothing in the opinion to indicate that this fact influenced the court, or that the decision would have been different had such a statute not been in existence. It is said in the opinion:

"It is in this view that it has been always held that where a statute authorizes or prescribes the infliction of a fine as a punishment, either for a contempt of court or for a defined offense it is lawful for the court inflicting the fine to direct that the party stand committed until the fine be paid, although there is no specific affirmative grant of power in the statute to make such direction.

"In many cases an execution would be an ineffective means for the collection of a fine, the property of persons of wealth is often beyond reach of execution."

The syllabus in the case of *Ex parte James L. Chittenden,* 62 Cal., 534, is as follows:

"Upon a judgment imposing a fine for contempt it is competent for the court to direct that the party stand committed until the fine be paid."

This case cites and comments on the following cases which in substance hold that a party in contempt may be committed upon non-payments of a fine: *New Orleans* v. *Steamship Co.,* 20

Wall., 392; *In Costys Case,* 3 Wils, 188; *Fisher* v. *Hughes,* 6 Fed., 63.

It would be superfluous to cite and to comment in this opinion upon the cases, in many states, which are practically in harmony with the views expressed in the cases herein cited.

The Legislature of Ohio in common with other states enacting statutes such as 11441, did not provide for commitment on non-payment of the fine. In the light of *Hale* v. *State,* 55 O. S., 210, and *State* v. *Runyon,* 64 O. S., 610, it would have been superfluous to have done so. The court in the Hale case held that the Legislature in cases of this character can not abridge the power of the court. That it is not a question of jurisdiction but of inherent power in the court, etc.

It is the opinion of this court that in the case at bar, a fine of $250 is reasonable, and that the defendant may be committed to jail until the fine is paid or he is otherwise discharged according to law. An entry may be so drawn and presented.