## Ex parte GARRISON.

(District Court, S. D. California, N. D. March 14, 1924.)

### No. 872.

1. **Fines ⬅➡12—Defendant convicted under Wright Act may be imprisoned one day for each dollar fined.**

    A defendant convicted under St. Cal. 1921, p. 79, incorporating the provisions of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.) into the laws of California, and not providing for any penalties other than those contained in that act, may, under Pen. Code Cal. § 1446, be imprisoned until the fine is satisfied in the proportion of one day's imprisonment for each dollar of the fine.

2. **Fines ⬅➡11—Court has common-law power to enforce payment of fine by imprisonment.**

    A court has a common-law power to enforce payment of a fine in a criminal case by imprisonment, even in the absence of a statute especially providing therefor.

3. **Criminal law ⬅➡1213—Federal Constitution inhibition against cruel and unusual punishment applies exclusively to exertion of national powers.**

    Const. U. S. Amend. 8, prohibiting cruel and unusual punishment, *held* to apply exclusively to the exertion of national as opposed to state powers.

⬅➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Habeas Corpus. In the matter of the application of W. A. Garrison for the writ to secure release from custody. On demurrer to the petition. Demurrer sustained, and application denied.

D. M. Edwards and J. C. Thomas, both of Visalia, Cal., for petitioner.

Fred C. Scott, Dist. Atty., and Leroy McCormick, Deputy Dist. Atty., both of Visalia, Cal., for respondents.

BLEDSOE, District Judge.   [1] In 1921 the Legislature of California adopted an act known as the Wright Act, ratified by referendary vote of the people thereafter, and entitled:

"An act to enforce the provisions of article eighteen of the amendments to the Constitution of the United States; prohibiting all acts or omissions prohibited by the Volstead Act; imposing duties on courts, prosecuting attorneys, sheriffs and other officers, and extending their jurisdiction; and providing for the disposition of fines and forfeitures." St. Cal. 1921, p. 79.

Sections 1 and 2 of the Wright Act read as follows:

"Section 1. California hereby recognizes the requirements of the Eighteenth Amendment to the Constitution of the United States for its concurrent enforcement by the Congress and the several states. To that end, the penal provisions of the Volstead Act are hereby adopted as the law of this state; and the courts of this state are hereby vested with the jurisdiction, and the duty is hereby imposed upon all prosecuting attorneys, sheriffs, grand juries, magistrates and peace officers in the state, to enforce the same.

"Sec. 2. All acts or omissions prohibited or declared unlawful by the Eighteenth Amendment to the Constitution of the United States or by the Volstead Act are hereby prohibited and declared unlawful; and violations thereof are subject to the penalties provided in the Volstead Act."

Pursuant to such legislation, petitioner, in October, 1923, was prosecuted and convicted in the justice's court of Visalia township, county of Tulare, state of California, of three separate violations of the Volstead Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.): (1) Possession of intoxicating liquor; (2) transportation of the same; and (3) having in possession a still and other implements intended for use in the manufacture of intoxicating liquor, etc. After such conviction sentence was pronounced to the effect that for each of said offenses and upon each count in the complaint upon which he had been convicted he should be fined the sum of $500, "and, in case the fine was not paid by 11 o'clock on the 17th day of October, 1923, that the defendant be imprisoned in the county jail of the county of Tulare until the fine be duly satisfied, in the proportion of one day's imprisonment for every dollar of the fine, and the payment of such portion of such fine as shall not have been satisfied, by imprisonment at the rate above prescribed," etc.

Petitioner appealed to the superior court of Tulare county, which tribunal affirmed the judgment pronounced. Thereafter a writ of habeas corpus was sued out in the District Court of Appeal of the State of California, but, the writ being denied, the prisoner was remanded. Thereafter application was made by petitioner to the Supreme Court of the state of California for release by habeas corpus, but that court, upon consideration of the same, and for the reasons announced, denied

the application. Ex parte Garrison for Writ of Habeas Corpus (Cal. Sup.) 223 Pac. 64.

Application has been made to this court for the issuance of a writ of habeas corpus, and an order to show cause why a writ should not issue was entered. The matter is pending upon a demurrer to the petition for the writ.

Petitioner's claims are substantially that under the Volstead (National Prohibition) Act no punishment other than fine is provided for any of the violations of which he stands convicted (National Prohibition Act, tit. 2, §§ 3, 25, and 29 [Comp. St. Ann. Supp. 1923, §§ 10138½aa, 10138½m, 10138½p]), and that, in consequence, the justice's court of Visalia township had no authority or jurisdiction to decree the imprisonment of petitioner as for or upon the nonpayment of the fines imposed; that the resulting imprisonment is unwarranted by law, and that it is violative of article 8 of the amendments of the Constitution of the United States in that it is cruel and unusual. This latter contention arises out of the fact that petitioner alleges his complete inability to meet the fines imposed, and that as a result he will be compelled to remain in jail for a total of 1,500 days as for the three violations referred to.

Section 1446 of the Penal Code of the state of California, applicable to "proceedings in justice's and police courts" (Ex parte Kennerly [Cal. Sup.] 214 Pac. 857), reads as follows:

"A judgment that the defendant pay a fine may also direct that he be imprisoned until the fine be satisfied, in the proportion of one day's imprisonment for every dollar of the fine."

It is conceded that the judgment rendered hereinabove was based upon and imposed pursuant to the requirements of the section just quoted. The highest court of the state has determined in the application of petitioner presented to it, supra, that the justice's court under the provisions of that section had power to impose the judgment pronounced herein, and that the rendition thereof was valid and in accordance with the local law. The whole matter involving merely a construction of state statutes, and the state Supreme Court having announced a construction in no wise opposed to or violative of any of the provisions of the federal Constitution in so far as I can discover, it would seem clear that the petitioner is foreclosed from any appeal to the federal courts.

[2] In his petition applicant avers that the decision of the Supreme Court constitutes "a judicial mistake" against which this court, in the enforcement of the Volstead Act and the federal Constitution, should relieve him. Assuming any jurisdiction to grant the relief desired, it is nevertheless very apparent to my mind that the judgment of the Supreme Court in the habeas corpus proceeding was correct. True it is that the act of the Legislature incorporating the provisions of the National Prohibition Act into the law of the state of California by express adoption did not in the same act provide for the imposition of any penalties other than those contained in the National Prohibition Act itself. Neither, however, did the legislative action contain any declaration that then existing or subsequently enacted provisions of law of the state of

California should not be applicable with respect to prosecutions had or judgments imposed under and pursuant to the penal provisions of the National Prohibition Act as carried into the law of the state. If the Wright Act, instead of carrying the Volstead Act into the law of California by express adoption, had merely enacted provisions identical in terms with the Volstead Act, there would be no doubt of the applicability of section 1446. What was actually done, however, was not substantially dissimilar. Section 1446, as is obvious from its terms, is general in its nature, and without doubt applies to any justice's court judgment carrying the imposition of a fine unless there be some special provision in the statute under which the judgment is rendered providing for a different method of enforcing payment. Ex parte Miller, on Habeas Corpus, 82 Cal. 454, 22 Pac. 1113; Ex parte Harrison, 63 Cal. 299. The section has nothing to do with the penalty provided for any given infraction of the law; it merely provides a means for enforcing the penalty pronounced if that penalty be the payment of a fine. Ex parte Kelly, 28 Cal. 414; Ex parte Karlson, 160 Cal. 378, 117 Pac. 447, Ann. Cas. 1912D, 1334. The power of a court to enforce payment of a fine in a criminal case by imprisonment, even in the absence of a statute specially providing therefor, has always been recognized. It is a power derived from the common law. Pierce v. U. S., 255 U. S. 398, 401, 41 Sup. Ct. 365, 65 L. Ed. 697; Ex Parte Karlson, supra. That power, subject to the limitations found in section 1706, U. S. Comp. Stat., is being daily exerted by the federal courts in committing to jail in default of payment of fines assessed those convicted of violating the Volstead and other criminal statutes. If such power were not possessed impecunious and recalcitrant offenders would go completely unpunished. Haddox v. Richardson, 168 Fed. 635, 639, 94 C. C. A. 99. Such would be the result of petitioner's wrongdoing were his contentions as to the construction of the California statutes to be adopted. The sum total of the situation is that the Wright Act is to be construed as if there had been written into it the provisions of section 1446, supra.

[3] No authority or precedent has been called to my attention to the effect that the enforcement of the judgment, in the manner herein indicated, would be tantamount to "cruel and unusual punishment" in violation of article 8 of the amendments to the federal Constitution. That section applies exclusively to an exertion of national as opposed to state powers, and may not be invoked herein. Eilenbecker v. Plymouth County, 134 U. S. 31, 34, 10 Sup. Ct. 424, 33 L. Ed. 801. Were it otherwise the result would be the same. The District Attorney in his brief asserts, and the assertion is not denied, that the defendant was "an old offender of the liquor laws," and that under the law of the state of California the judgments rendered as to imprisonment will run concurrently instead of consecutively, and that, in consequence, a maximum imprisonment of 500 days is all that the defendant may and should contemplate. Such a punishment for an old offender would not seem reasonably susceptible of being classified as cruel or unusual. Pervear v. Commonwealth, 5 Wall. 475, 480, 18 L. Ed. 608.

The demurrer to the petition for the writ of habeas corpus is sustained, and the application for the writ is hereby denied.