[Crim. No. 377. Second Appellate District.—January 6, 1915.]

In the Matter of the Application of JOHN LAPIQUE, for a Writ of Habeas Corpus.

CONTEMPT—CITATION—ISSUING WITHOUT AFFIDAVIT.—It is held in this proceeding for contempt in which the petitioner was ordered to pay a fine in the sum of five hundred dollars, or in default thereof, to be imprisoned in the county jail for a period in proportion of one day for each two dollars of such fine, or until such fine be otherwise satisfied, upon the authority of the case of *Lamberson* v. *Superior Court*, 151 Cal. 458, the petitioner's contention that the whole proceeding is void because no affidavit was presented to the judge who ordered the citation to be issued prior to the issuance thereof,

cannot be maintained; and it is further held, upon the authority of *Ex parte Karlson*, 160 Cal. 378, that petitioner's contention that in no event could the imprisonment of petitioner extend beyond the period of five days, which is the maximum period where imprisonment alone is prescribed as the form of punishment under section 1218 of the Code of Civil Procedure, is not maintainable.

ID.— CHANGE OF VENUE — SECTION 170 CODE CIVIL PROCEDURE.— The right of the petitioner to have asked for a change of venue upon the grounds relied on by him was a statutory right which is both granted and limited by the terms of subdivision 4 of section 170 of the Code of Civil Procedure.

ID.—CHANGE OF VENUE — AFFIDAVIT FOR — ATTACK ON JUDGES.— The provisions of subdivision 4 of section 170 of the Code of Civil Procedure do not authorize the party moving for a change of venue upon the ground of bias of the judge who is about to try the case to include with his statements concerning this judge, an attack upon other judges of the court; such statements are immaterial to the motion; and where such statements impute a lack of integrity not only in the judge sitting in that department but in other judges of the same court and are a scurrilous and wanton attack, they were wholly beyond the right or privilege of the petitioner and the judgment will be sustained on appeal.

APPLICATION for a Writ of Habeas Corpus originally presented to the District Court of Appeal for the Second Appellate District to procure the discharge of the petitioner from a commitment for contempt of court.

The facts are stated in the opinion of the court.

John Lapique, *in pro. per.*, for Petitioner.

W. I. Foley, and M. F. Shannon, for Respondent.

THE COURT.—Petitioner was heretofore adjudged to be guilty of a contempt of court and ordered to pay a fine in the sum of five hundred dollars, or in default thereof that he be imprisoned in the county jail of Los Angeles County for a period in the proportion of one day for each two dollars of such fine, or until said fine be otherwise satisfied.   He presents an application to be discharged from custody on writ of *habeas corpus*.   It appears from the order of commitment that in a certain proceeding heretofore pending in the superior court petitioner filed an affidavit in support of a motion for change of venue, the effect of which was to impute

a lack of integrity not only in the judge then sitting in the department in which said matter was to be heard, but attacking eleven other judges of the superior court. Many of the allegations contained in the affidavit were phrased as "upon information and belief." After this affidavit had been filed, an order to show cause was issued by the judge of the department requiring petitioner to appear in another department of the same court and show reason why he should not be punished for contempt. Of the several objections urged to the sufficiency of the commitment but two seem to have any serious foundation, and both of these are completely answered by the decisions of our supreme court adversely to the claim of petitioner. The contention is: 1. That the whole proceeding is void because no affidavit was presented to the judge who ordered the citation to be issued prior to the issuance thereof; and, 2. That in no event could the imprisonment of petitioner extend beyond the period of five days, which is the maximum period where imprisonment alone is prescribed as the form of punishment under section 1218 of the Code of Civil Procedure. In the case of *Ex parte Karlson,* 160 Cal. 378, [Ann. Cas. 1912D, 1334, 117 Pac. 447], this latter contention was advanced and the supreme court there held that a judgment in substantially the same form as was contained in the commitment under which petitioner is here held, was regular and that petitioner there was not entitled to be discharged after having endured imprisonment for a period of five days. The other contention, to wit: that it was necessary before the court was empowered to issue its citation against petitioner that the facts constituting the alleged contempt be made to appear by affidavit, is not well founded. The decision in the case of *Lamberson* v. *Superior Court,* 151 Cal. 458, [11 L. R. A. (N. S.) 619, 91 Pac. 100], deals extensively with that subject and a reading of it leaves no room for question that the law is well established to the contrary of this objection urged by petitioner to the sufficiency of the commitment.

The right of the petitioner to have asked for a change of venue upon the grounds relied upon by him, was a statutory right which is both granted and limited by the terms of subdivision 4 of section 170 of the Code of Civil Procedure. Those provisions do not authorize the moving party to include with his statements concerning the judge who is about

to try the case, an attack upon other judges of the court. The statements made with reference to the other judges were immaterial to the motion, and were a scurrilous and wanton attack, wholly beyond the right or privilege of the petitioner.

No sufficient cause appears entitling petitioner to be released from custody.

The writ is discharged and petitioner remanded to the custody of the sheriff.