# In re SCHULDER.

## No. 3946.   Decided December 13, 1923.   (221 Pac. 565.)

1.  CONTEMPT—INTENT OF STATUTE REQUIRING AFFIDAVIT TO BE PRE-
    SENTED TO COURT WHEN ALLEGED CONTEMPT IS NOT COMMITTED IN
    COURT'S PRESENCE STATED.  The intent of Comp. Laws 1917,
    § 7060, requiring that an affidavit shall be presented to the
    court when the alleged contempt is committed not in the view
    and presence of the court, is to advise the court of the acts,
    statements, or conduct alleged to be contemptuous, and to ad-
    vise defendant of the particular facts of which he is accused
    so that he may meet the accusations.

2.  CONTEMPT—FAILURE TO FILE FORMAL AFFIDAVIT HELD NOT FATAL
    TO COURT'S JURISDICTION.  Treating a contempt, based on alleged
    contemptuous matter in an affidavit left in the judge's chamber
    by appellant, as one not committed in the immediate presence
    of the court, within Comp. Laws 1917, § 7060, failure to file
    formal affidavit as required by that section *held* not fatal to
    court's jurisdiction, where the citation issued by the judge pur-
    suant to an order, under section 7061, to appear and show
    cause, presented all the facts which an affidavit could or would
    have done.[1]

3.  CONTEMPT—EVIDENCE HELD TO SHOW CONTEMPT WAS COMMITTED
    IN PRESENCE OF COURT.  Evidence that appellant left the court-
    room, walked into the judge's chamber, and placed alleged con-
    temptuous affidavits upon the judge's desk in view of the court,
    and left with such affidavits notes signed by himself calling the
    court's attention to the affidavits, *held* to show contempt was
    committed in the presence of the court, within Comp. Laws
    1917, § 7060.

4.  CONTEMPT—CONTEMPTUOUS CONDUCT IN COURT'S CHAMBER OB-
    SERVED BY JUDGE IS CONTEMPT WITHIN COURT'S PRESENCE.  Any
    conduct in the court's chambers which amounts to a contempt
    of court when observed by the judge constitutes contempt
    within the presence of the court, within Comp. Laws 1917,
    § 7060.

Appeal from the District Court, Fifth District, Millard
County; *Wm. F. Knox*, Judge.

[1] *In re Thomas et al.*, 56 Utah, 315, 190 Pac. 952.

Russell G. Schulder was found guilty of contempt and adjudged to pay a fine, and appeals.

AFFIRMED.

*Ray Van Cott,* of Salt Lake City, for appellant.

*T. M. Ivory,* of Fillmore, and *A. L. Larsen,* of Delta, for respondent.

PER CURIAM.

Appellant was found guilty of contempt by the district court of Millard county and adjudged to pay a fine. From that judgment this appeal is prosecuted.

Appellant appeared before said court in response to a citation to show cause, at a time fixed, why he should not be punished for contempt. At the time fixed he, with his counsel, appeared. Before any hearing or proceedings were had, objection was made to the taking of any testimony upon the ground, as. stated by counsel for appellant:

"That the court has no jurisdiction at this time to hear or determine or consider this matter, and particularly for the reason that there is no charge, proper or legal charge, made or filed against this defendant; that there is no accusation sworn to according to law which contemplates and requires to be filed against the defendant Schulder, and before any evidence can be introduced under such a charge the formal charge must be made in the way and form of an affidavit."

The court overruled the objection. Thereupon the court made a statement of the facts upon which the proceedings are based as follows:

"On the 16th day of October, 1922, in the afternoon of said day, Mr. Russell G. Schulder was in this court, which was then in session, and was engaged in arguing some matters before the court, at the conclusion of which Mr. Russell G. Schulder left the courtroom and walked into the judge's chambers, which adjoin the courtroom; and the court personally observed Mr. Schulder leave some papers on the judge's desk in chambers. Immediately upon the adjournment of the court the judge withdrew from the courtroom and walked into. chambers and found upon the judge's desk in cham-

bers Exhibits A, B, and C, and that the court has personal knowledge that these exhibits were presented and left on the judge's desk with a note, signed by Mr. Schulder, calling the court's attention to these affidavits, which were presented to the court by Mr. Schulder himself, by leaving them on the desk in chambers which adjoin the courtroom. The door being open the court observed Mr. Schulder leaving these exhibits on the desk with a note saying they were left for the judge to be considered by him, and they contain matters that the court is of the opinion amounts to a contempt of the court. We are all familiar with the practice, Mr. Van Cott, that a contempt not committed in the presence of the court must be presented by an affidavit. * * * But here is a case where the matters which are charged were observed by the court. Mr. Schulder took these affidavits and left them on the judge's desk, and the court is familiar with Mr. Schulder's signature, and knows his writing on the note left with the affidavits that are complained of, and they were all left upon the judge's desk in his chambers, which opens off of the courtroom in sight of the court. Now the court is wondering, since there is only one person who could make an affidavit in this case, and that is the judge, if the judge would have to make an affidavit to inform himself of the facts. In other words, would he have to inform himself with his own affidavit?"

The court said, in answer to interrogatories by counsel for appellant:

"The door was open, and I saw him go to the desk, having some papers in his hand, and then withdraw from the room, and after that I went and found them on the desk together with his note. No; I did not see him do any writing. I don't remember whether he came back in here or went out through the other door, but after he came out of there I didn't see him after that. The door to my chambers is approximately 20 feet from where I was sitting at the time. The desk upon which the papers were placed is east of the door and the opposite side of the room, and only a portion of the desk, probably a few inches or a foot, is observable from the bench. The papers were filed the same day that I received them. Only Exhibit A and Exhibit B were filed."

After the answers made by the judge, counsel for appellant renewed his objections and interposed a motion for an order quashing the proceedings upon certain grounds stated. The objections were to the effect that the court was without jurisdiction in the absence of an affidavit charging the defendant with specific acts constituting the contempt, and upon the other hand that the evidence was insufficient to constitute any contempt if there was any contempt charged

in any way. The motion was denied, and the affidavits left by appellant upon the judge's table were introduced in evidence.   Thereupon the appellant was adjudged guilty of contempt, and a fine was imposed.

Prior to the date of hearing, an order was made by the court directing the clerk of the court to issue a citation commanding the appellant to appear before the court at a time stated to show cause why he should not be adjudged guilty of contempt.   The citation issued recited the facts as to the placing of the affidavits upon a table in the judge's chambers under the circumstances related and also contained copies of the two affidavits, Exhibit A and Exhibit B, alleged to contain contemptuous language.   At the oral argument in this court it was conceded by counsel for appellant that certain language in the affidavits is contemptuous.   We shall therefore not consider that phase of the matter further. The affidavits in question, referred to in the record as Exhibit A and Exhibit B, were made respectively by Proctor H. Robison and George E. Robison, parties litigant in actions then pending in the district court of Millard county, the purpose being to obtain a change of venue, or to induce the judge of that court to call in another district judge to try these cases.   The makers of the affidavits were clients of appellant.

In that state of the record the question presented is, Was the lower court without jurisdiction to hear and determine the question of whether the appellant was guilty of contempt? It is strenuously insisted by counsel for appellant that the court was without jurisdiction to hear testimony or to make any adjudication respecting the question of contempt in the absence of an affidavit filed with the court stating what facts constituted the contempt.   Reliance is had upon Comp. Laws Utah 1917, §§ 7060 and 7061.   In section 7060, after providing that a contempt committed in the immediate presence of the court or judge at chambers may be punished summarily, it is further provided:

"When the contempt is not committed in the immediate view and presence of the court, or judge at chambers, an affidavit shall be presented to the court or judge of the facts constituting the con-

tempt, or a statement of the facts by the referees or arbitrators or other judicial officer."

Section 7061 reads as follows:

"When the contempt is not committed in the immediate view and presence of the court or judge, a warrant of attachment may be issued to bring the person charged to answer, or, without a previous arrest, a warrant of commitment may, upon notice, or upon an order to show cause, be granted; and no warrant of commitment can be issued without such previous attachment to answer, or such notice or order to show cause."

The contention of appellant that the court was without jurisdiction to proceed for contempt not committed in the presence of the court without a formal affidavit has been determined by this court adversely to that contention in a recent case. *In re Thomas et al.*, 56 Utah, 315, 190 Pac. 952. The first headnote to that case, which reflects the opinion of the court, reads as follows:

"In contempt proceedings against the attorneys of a garnishee bank for advising their client not to comply with a court order requiring a safety deposit box to be opened for inspection, a statement by the deputy sheriff serving the order, made to the court under oath and reduced to writing, *held* sufficient under Comp. Laws Utah 1917, section 7060, as a basis for an order to show cause why a contempt order should not be issued; it not being requisite to give the court jurisdiction that the facts appear to the court in the form of an affidavit, designated as such."

The second headnote to *Ex parte Lapique*, 26 Cal. App. 258, 146 Pac. 690, reads as follows:

"Citation may be issued against one guilty of contempt in making a scurrilous attack on the judges in an affidavit for change of venue, though no affidavit is presented to the judge ordering the citation."

The evident intent of the statute requiring that an affidavit shall be presented to the court when the alleged contempt is committed not in the view and presence of the court is two-fold. First, for the purpose of advising the court of the acts, statements or conduct alleged to be contemptuous; and, second, to advise the defendant of the particular facts of which he is accused so that he may meet such accusations by showing the untruthfulness of the same

or offer such extenuating and justifiable circumstances as the facts may warrant.

In this case the affidavits containing the contemptuous language were left upon the judge's desk and were later found there by him. The citation issued under and pursuant to the order of the court included copies of these affidavits. It would be rather difficult to conceive what additional facts an affidavit filed with the court would or could have presented, or in what way the appellant was deprived of any information as to the contemptuous acts or statements other than as contained in the citation. The citation not only contained copies of the affidavits, but it gave the title of the actions then pending before the court in which the affidavits were to be filed. It also stated that such affidavits were presented to the court at a date certain and that together with the affidavits a written communication was presented signed by appellant in which it was stated that, unless the judge of the court would decide to call in another judge to hear the matters referred to, said affidavits were to be filed with the clerk of the court. The citation then recited the order for the appearance of the defendant.

Considering this matter as a contempt committed not in the immediate presence of the court, we are satisfied that the failure to file a formal affidavit was not fatal to the jurisdiction of the court in view of the circumstances surrounding the case.

Was the contempt, if any, committed in the presence of the court? We are clearly of the opinion that the facts warrant no other conclusion. *Lamberson* v. *Superior Court,* 151 Cal. 458, 91 Pac. 100, is authority for holding that an attorney presenting to the judge in open court an affidavit containing contemptuous matter is guilty of contempt. In this case the appellant left the courtroom, walked into the judge's chambers, and placed the affidavits upon the judge's desk in view of the court, and left with such affidavits a note signed by himself calling the court's attention to the affidavits. The court found and read the affidavits immediately after adjournment. We can see no dif-

ference between the facts thus appearing and presenting the affidavits to the court in open session. Had appellant handed the affidavits to the judge while court was in session, it is not at all probable that he would have examined the same until he had retired to his chambers. It is a well-known fact that much of the business of the court is transacted by the judge in chambers and that a room used by the judge as his chambers is just as essential for the transaction of the court's business as is the courtroom itself. Any conduct in the court's chambers which amounts to contempt of court, when observed by the judge, as it was in this case,     4 constitutes contempt within the presence of the court. *Savin, Petitioner*, 131 U. S. 267, 9 Sup. Ct. 699, 33 L. Ed. 150; see, also, 6 R. C. L. p. 492; *Fisher* v. *McDaniel*, 9 Wyo. 457, 64 Pac. 1056, 87 Am. St. Rep. 971.

The judgment of the district court is affirmed, with costs.